UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 15-cr-00059 |
| VERSUS | JUDGE HICKS |
| NEIKEDRIAN EDWARDS | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION ON COMPETENCY**

**Introduction**

Defendant is charged with possession of a firearm by a convicted felon. The charges stem from Defendant's visit to a local pawn shop during which he pawned his grandmother's pistol for $60. Defense counsel presented the Government with information that brought into question Defendant's capacity. The Government filed an unopposed motion for a competency determination (Doc. 25), and the court committed Defendant to the Bureau of Prisons ("BOP") for evaluation and, if needed, restoration of competency. Doc. 28.

Before the court are four psychological reports regarding Defendant's competency. A hearing was held on May 18, 2017, and the parties agreed to submit the matter to the undersigned for a decision based on the four reports. For the reasons that follow, it is recommended that the court find that Defendant's competency has been restored and, therefore, Defendant is now competent to stand trial.

**Dr. Vigen's Report**

Defendant was first evaluated by Dr. Mark Vigen, a private psychologist retained by defense counsel. In a report dated August 24, 2015, Dr. Vigen concluded that Defendant met the diagnostic criteria for intellectual disability (moderate) and unspecified schizophrenia spectrum and other psychotic disorder. Dr. Vigen also found that Defendant did not understand the workings of the court and would not be able to assist his lawyer in his defense. Dr. Vigen recommended that Defendant be interdicted and receive lifelong support in a group home or long term residential services.

**BOP Report No. 1**

Based on Dr. Vigen's report and the additional observations of defense counsel, the court ordered Defendant to be evaluated by the BOP to determine whether Defendant is competent to stand trial. The BOP completed an initial evaluation and issued a report on January 15, 2016. That report concluded that Defendant exaggerated his cognizant/mental health difficulties, but that he did suffer from some degree of cognitive difficulties. Those difficulties, combined with his response style, did not permit a conclusion regarding his competency to stand trial. Therefore, the BOP recommended a period of further assessment and/or restoration of competency.

**BOP Report No. 2**

Based on the recommendations in the BOP's first report, and following a status conference with counsel, the court ordered that Defendant be committed to the custody of the Attorney General for further assessment and/or restoration of competency. That order

resulted in a second BOP report issued on October 19, 2016. The report reiterated the essential findings in the first report: Defendant legitimately had some cognitive deficits, but he did not perform to the best of his abilities. The report recommended that Defendant be committed for additional evaluation and treatment to restore his competency to stand trial.

**Final BOP Report**

Based on the recommendations in the second BOP report, and following another status conference with counsel, the court ordered Defendant committed to the custody of the Attorney General for additional evaluation and competency restoration efforts. The final BOP report was issued on March 20, 2017. As explained in the report, Defendant received both group and individual competency restoration activities. However, unlike previous efforts, Defendant was significantly engaged in the restoration process. Defendant did not engage in some of the humor displayed by other group members, and he took the competency restoration process very seriously.

Restoration efforts revolved around the five modules of the Slater method. In Module One (charges, pleas, and potential consequences), Defendant disputed the claim that he did not understand his legal proceedings, but instead insisted that he merely did not agree with his charges. He was aware of the available types of pleas and the potential consequences of each.

In Module Two (courtroom personnel), Defendant was aware of the roles of the courtroom personnel. This included the roles of his attorney, the judge, the prosecutor, and the witnesses.

In Module Three (proceedings, trial, and plea bargain), Defendant correctly described the roles of the courtroom personnel but expressed concern about the fast paced nature of courtroom proceedings. Defendant understood the difference between a trial and a plea agreement, as well as the potential benefits of plea bargaining.

In Module Four (working with attorney/assisting in defense), Defendant expressed confidence in his attorney and in his own ability to raise questions about what was going on in court. Defendant was able to present rational arguments about possible evidence to aid in his defense.

In Module Five (stress and courtroom behavior), Defendant participated extensively in role-playing of appropriate courtroom behavior. He understood that unmanageable behavior would not be tolerated, and Defendant developed strategies for conferring with his attorney.

The final BOP report again states that Defendant perhaps suffers from mild intellectual disability. Such a diagnosis is particularly difficult given Defendant's insufficient effort on prior testing. The BOP concluded that Defendant's symptoms are best accounted for by the diagnosis of adjustment disorder with mixed anxiety and depressed mood. Defendant's symptoms, however, were attenuated with medication.

The report concludes that Defendant demonstrated a basic capacity to learn new material and the ability to use the material to make decisions. The report recognizes that Defendant may still have difficulty following complex and abstract legal concepts, but those issues can be dealt with using a slow and repetitive explanation of the events or concepts in

a simplistic manner. According to the report, Defendant "has a rudimentary understanding of the nature and consequences of the proceeding against him and a basic ability to assist properly in his own defense." Following the issuance of the report, the BOP issued a Certificate of Restoration of Competency to Stand Trial on March 29, 2017.

**Legal Analysis**

A criminal defendant may not be tried unless he is competent. Washington v. Johnson, 90 F.3d 945, 949-50 (5th Cir. 1996). In Dusky v. United States, 362 U.S. 402 (1960), the Supreme Court established the test for competency as whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether the defendant has a rational as well as factual understanding of the proceedings against him.

Based on the final BOP report, the court finds that Defendant now meets the Dusky standard. While Defendant suffers from some intellectual disability, he has a rational and factual understanding of the proceedings against him. He understands the charge against him, although he disagrees with the charge. He is capable of assisting in his defense, and he understands that he may, at any time, ask for additional time to consult with his attorney during the proceedings. Defendant also understands the basic nature of the court proceedings and the roles of the individuals involved in those proceedings. He also understands the potential benefits of plea bargaining.

Accordingly, and for the reasons set forth in the final BOP report,

**IT IS RECOMMENDED** that the court find Defendant competent to stand trial.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana this 23rd day of May, 2017.

Mark L. Hornsby
U.S. Magistrate Judge